# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ADAM FITZPATRICK** | : | |
| 1266 Landis Lane | : | |
| Cincinnati, OH 45231 | : | **Case No.**: 17-725 |
| | : | |
| Plaintiff, | : | |
| | : | **Judge** |
| | : | |
| v. | : | |
| | : | |
| **PATRIOT ROOFING &** | : | |
| **RESTORATION, LLC** | : | |
| Serve Statutory Agent: | : | **Jury Demand Endorsed Hereon** |
| Cesar Sanchez | : | |
| 11524 Grooms Rd. | : | |
| Cincinnati, OH 45242 | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Adam Fitzpatrick ("Plaintiff") and proffers this Complaint for damages against Defendant Patriot Roofing & Restoration, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*, O.R.C. 4123.90, and Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed his job duties there and Defendant is doing and has done substantial business in the Southern District of Ohio.

5. Pursuant to O.R.C. §4123.90, notice of the intent to pursue this claim was provided to Defendant within 90 days of Plaintiff's termination, and Plaintiff is bringing his claim within 180 days of his termination. Accordingly, this Court has jurisdiction under O.R.C. § 4123.90.

## THE PARTIES

6. Plaintiff Adam Fitzpatrick is an individual, a United States citizen, and a resident of the state of Ohio.

7. At all times relevant herein, the Plaintiff was an employee of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111.

8. Defendant is a domestic limited liability company doing business in the Southern District of Ohio.

9. At all times relevant herein, Defendant is a covered "employer" as that term is defined in the FLSA and O.R.C. Chapter 4111 *et seq.*

10. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

11. At all times relevant herein, Defendant is a covered "employer" as that term is defined in the FMLA and O.R.C. Chapter 4123.90 *et seq.*

**FACTUAL BACKGROUND**

12. Plaintiff began working for Defendant on or about May 22, 2016. Plaintiff continued to work for Defendant until he went on a leave of absence on or about December 28, 2016 due to a workplace injury. He went to the emergency room on December 29 regarding this same injury.

13. Plaintiff was injured in the course of his duties when a ladder slipped and he tore the meniscus in his left knee as a result of the fall.

14. Plaintiff filed a workers' compensation claim subsequent to this injury.

15. Plaintiff visited Dr. Brian Fuller on January 4, 2017 and January 10, 2017 to receive treatment for his knee.

16. Plaintiff had an MRI performed on his knee on January 10, 2017.

17. Plaintiff visited Dr. Ian Rice on January 16, 2017 to receive treatment for his knee.

18. Plaintiff was terminated from his employment with Defendant while he was rehabilitating from his workplace injury.

19. Plaintiff was terminated via a letter that was sent on July 6, 2017. This letter claimed that Plaintiff's termination was effective on May 2, 2017, but provided no support for this assertion.

20. Plaintiff was on Defendant's payroll until as late as July 15, 2017, when he was still receiving temporary total disability benefits from the Bureau of Workers' Compensation.

21. During his employment for Defendant, Plaintiff's primary duty was manual labor, going out into the field to fix and repair roofs on Defendant's behalf.

22. Defendant is a company that specializes in residential, commercial, new construction, and multi-family unit, storm damage repair, and home improvements.

23. Plaintiff worked approximately seventy to eighty hours per week, working most weekdays from 6:00 a.m. through 6:00 p.m., and approximately six to seven hours on each day during the weekends.

24. Defendant paid Plaintiff a base salary $32,000.00 per year and, in fact, paid him that amount during the time he worked for Defendant. Throughout his employment at Defendant, though, Plaintiff was never paid the time-and-a-half his regular rate of pay for the overtime hours he worked.

25. Defendant classified Plaintiff as exempt from overtime laws.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime in Violation of FLSA, 29 U.S.C. §201, *et seq*. -

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. Plaintiff was paid on a salary basis.

28. Plaintiff was misclassified by Defendant as a salary, exempt employee.

29. Plaintiff was not paid an overtime premium for all hours worked over forty in a work week.

30. Defendant was aware that Plaintiff was working significantly more than 40 hours per week, but was not receiving overtime compensation for hours worked in excess of 40 per week.

31. Defendant knew or should have known it was required to pay Plaintiff overtime pay.

32. Accordingly, Plaintiff was forced to work more than 40 hours per week without overtime compensation since his employment began in June 2016. As a result, Plaintiff has been damaged.

### SECOND CAUSE OF ACTION
### OMFWSA R.C. 4111, *et seq*. -
### Failure to Pay Overtime

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. This claim is brought under Ohio Law.

35. Defendant's repeated and knowing failure to pay overtime wages for hours worked in excess of forty (40), was a violation of Section 4111.03 of the Ohio Revised Code.

36. For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
### 29 U.S.C. 2601, *et seq.*
### Interference—Violation of FMLA

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. Plaintiff was an eligible employee under the FMLA when he was terminated because he had worked more than one thousand two hundred and fifty (1,250) hours for Defendant prior to that date and Defendant employed Plaintiff for more than twelve (12) months prior to that date.

39. Plaintiff's injury was a serious health condition. He was incapacitated from the time of his injury until July 15, 2017. He made two or more visits to a health care provider within 30 days of his injury when he made one visit to the emergency room, two visits to Dr. Fuller, one visit to Dr. Rice, and had an MRI exam performed.

40. Defendant knew or should have known that Plaintiff was qualified for FMLA leave. Nevertheless, Defendant never provided Plaintiff the required notice under the FMLA as to whether Plaintiff qualified for leave under the FMLA and, if not, for what reason(s) he did not qualify. Nor did Defendant provide Plaintiff the required notice under the FMLA regarding Plaintiff's rights and responsibilities under the FMLA, such as Plaintiff's right to be restored to his same or equivalent position upon his return from leave.

41. Defendant interfered with Plaintiff's FMLA rights by failing to provide him the required notices under the FMLA.

42. Defendant interfered with Plaintiff's FMLA rights by not affording him the job-protected leave he was entitled, as he was terminated for the work he missed while he was recovering from his meniscus tear and receiving continued treatment, which is an FMLA qualifying event entitling him to job-protected leave under the FMLA.

43. Defendant lacked good faith and/or reasonable grounds to believe they had not violated the FMLA in its discharge of Plaintiff.

44. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. § 2617(a) to monetary damages which include back pay and benefits, statutory liquidated damages, and attorney's fees and costs of bringing this litigation, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### 29 U.S.C. 2601, *et seq*.
### Retaliation—Violation of FMLA

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. Plaintiff is an "eligible employee" as defined by 29 U.S.C. § 2611(2).

47. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).

48. Plaintiff was terminated shortly after he became eligible for FMLA leave.

49. Plaintiff did not take more than 12 weeks of FMLA leave.

50. Plaintiff suffered an adverse employment action when Defendant terminated him from his position in retaliation for him requesting to take FMLA leave.

51. Defendant violated the FMLA by retaliating against Plaintiff by terminating him from his position after he became eligible for FMLA leave.

52. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

53. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. 2617(a), to

monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### O.R.C. 4123.90
### Retaliation in Violation of O.R.C. 4123.90

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. Plaintiff pursued a workers' compensation claim subsequent to his December 28, 2016 injury.

56. Defendant knew that Plaintiff pursued a workers' compensation claim subsequent to his injury.

57. Plaintiff was qualified for his position, as he was originally hired for the position and worked in that position for an extended period of time.

58. Defendant did not have a legitimate business reason for terminating Plaintiff. Defendant's reason for terminating Plaintiff was a pretext for workers' compensation retaliation.

59. Plaintiff notified Defendant of his intent to pursue this claim on July 28, 2017, within 90 days of his termination.

60. Accordingly, Plaintiff was retaliated against in violation of R.C. 4123.90. As a result, Plaintiff has been damaged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award against Defendant in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred by Plaintiff for Defendant's violations.

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery, Rd., Suite 11A
Cincinnati, OH 45242
(brad@gibsonemploymentlaw.com)
(brian@gibsonemploymentlaw.com)
Ph: (513) 834-8254

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)